**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTWONE DEMOND JOHNSON,** | ) | |
| **#1264780,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-2236-G** |
| | ) | **ECF** |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Institutional Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state

prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated at the Gib Lewis Unit of the Texas

Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Woodville,

Texas.  Respondent is the Director of TDCJ-CID.  The Court did not issue process in this case

pending preliminary screening.  See Rule 4 of the Rules Governing § 2254 proceedings.

Statement of the Case:  Petitioner pled guilty of aggravated robbery in the 265th Judicial

District Court of Dallas County, Texas, in cause number F00-53766-NR.  (Petition (Pet.) at 2).

Punishment was assessed at ten years imprisonment on February 6, 2001.  (Id.).  Petitioner did

not appeal from the judgment of conviction.  (Id. at 3).

On January 3, 2005, he filed a state application for a writ of habeas corpus pursuant to article 11.07, Texas Code of Criminal Procedure.   (Pet. at 3 and attachment I to January 24, 2006 Order to Show Cause With Respect to Statute of Limitations).  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on August 17, 2005.  (Pet. at 4).  Ex parte Johnson, No. WR61,584-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=233417 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals on January 4, 2006).

In his federal petition, filed on November 14, 2005, Petitioner alleges counsel rendered ineffective assistance, and the trial court erred in denying his motion to suppress an illegally obtained confession.[1]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The district court may raise the affirmative defense of the statute of limitations sua sponte.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an

---

[1]    For purposes of this recommendation and in light of the "mailbox rule" adopted by the Fifth Circuit in Spotville v. Cain, 149 F.3d 374, 377 (5th Cir.1998), the Court assumes the petition was placed in the prison mail system on October 18, 2005, the date on which Petitioner signed the same.  However, it is difficult to believe that almost one month elapsed from the date on which Petitioner purportedly placed his petition in the prison mail and November 14, 2005, the date on which it was received and filed by this Court.  Nevertheless as noted more fully below, the petition is time barred regardless of whether it is deemed "filed" as of October 18, 2005.

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on March 8, 2001, thirty days after the judgment was entered. See Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on March 9, 2001, the day after his conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 8, 2002. Petitioner did not file his federal habeas petition until November 14, 2005, more than three and one-half years after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see

Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th

Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-

year limitation period.  Flanagan, 154 F.3d at 202.  As noted above, Petitioner did not file his

state application until January 3, 2005, more than two and one-half years after the expiration of

the one-year period.  See Scott, 227 F.3d at 263 (state habeas application did not toll limitation

period for filing federal habeas petition where it was not filed until after federal limitation period

had expired).  Therefore, the federal petition is clearly untimely.

In order to allow Petitioner to show whether equitable tolling applied to his case, the

magistrate judge filed an order on January 24, 2006, requesting him to show cause why his

petition should not be dismissed as time barred.  As of the date of this recommendation,

Petitioner has not responded to the show cause order.

Nevertheless his pleadings, even when liberally construed in accordance with his *pro se*

status, do not present "rare and exceptional circumstances,"  Davis v. Johnson, 158 F.3d 806,

810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211

F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with the legal process nor his

lack of representation during the applicable filing period merits equitable tolling." Turner v.

Johnson, 177 F.3d  390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that

he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508,

511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  As a matter of fact, he

did nothing to appeal his sentence.  While he sought post-conviction relief in state court, he

delayed filing the same for more than two and one-half years following the expiration of the one-

year period.  Petitioner also delayed filing his federal petition by two months following the

denial of his state habeas petition.  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

<u>RECOMMENDATION</u>:

 For the foregoing reasons it is recommended that the habeas corpus petition be dismissed with prejudice as barred by the one-year limitation period.  28 U.S.C. § 2244(d).

 The Clerk will transmit a copy of this recommendation to Petitioner.

 Signed this 21st day of March, 2006.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

 In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.